**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:96cr135-01**


**UNITED STATES OF AMERICA,** )
                                           )
                                           )
         **vs.**                       )           **O R D E R**
                                           )
                                           )
**JASPER MACKEY.**              )
_____)


      **THIS MATTER** is before the Court on the Defendant's Motion to

Reduce Sentence [Doc. 83], filed February 21, 2008.

      The Defendant through counsel moved for a sentence reduction

pursuant to 18 U.S.C. §3582(c)(2) as a result of the recent amendment of

U.S.S.G. §2D1.1(c), involving cocaine base offenses.  The United States

Sentencing Commission amended the federal advisory sentencing

guidelines applicable to criminal cases involving cocaine base, effective

November 1, 2007.  On December 11, 2007, the Commission also decided

that, effective March 2, 2008, the amendment would apply retroactively to

offenders sentenced under prior versions of the Sentencing Guidelines if

they are still in prison.

The United States Probation Office prepared a Supplement to the Presentence Report Pursuant to the Crack Cocaine Guideline Amendment [Doc. 84, filed April 22, 2008] in which it noted that the Defendant was involved with at least 12 kilograms of cocaine base. The retroactive amendment to the Sentencing Guidelines does not apply in cases involving more than 4.5 kilograms of cocaine base. United States v. Paul, 2008 WL 1840735 (W.D.Va. 2008); United States v. Tejeda, __ F.Supp.2d __, 2008 WL 1747924 (D.Mass. 2008). The Defendant has not responded to the Probation Office's Supplement. The Defendant is not eligible for a sentence reduction due to the amount of cocaine base involved in the offense of conviction, and for that reason the motion will be denied.

Upon reassignment of this case to the undersigned, it was discovered that there is pending a motion pursuant to "Rule 60(b)(5)" [Doc. 80], filed by the Defendant in 2005.[1] The Defendant has been a prolific filer and this motion was made after his motion pursuant to 28 U.S.C. §2255 and subsequent motions were denied. Construing the motion liberally, the Defendant claims he is entitled to relief based on recent decisions of the Supreme Court, Apprendi v. New Jersey, 530 U.S. 466,

---

[1] There is not rule 60(b)(5) of the Federal Rules of Criminal Procedure, thus the motion must be referring to Rule 60(b)(5) of the Federal Rules of Civil Procedure.

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  None of these decisions, however, apply retroactively to cases on collateral review or to convictions which were final at the time the cases were decided.  <u>San-Miguel v. Dove</u>, 291 F.3d 257 (4th Cir. 2002), *certiorari denied* 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005), *rehearing denied* 143 Fed.Appx. 310 (11th Cir. 2005), *certiorari denied* 546 U.S. 924, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); <u>United States v. Fowler</u>, 133 Fed.Appx. 922 (4th Cir. 2005);  <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005), *certiorari denied* 127 S.Ct. 121, 166 L.Ed.2d 91 (2006).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reduce Sentence [Doc. 83] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion Under Rule 60(b)(5) [Doc. 80] is hereby **DENIED**.

Signed: April 30, 2008

Martin Reidinger
United States District Judge