# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:96cr135-01

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JASPER MACKEY.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc. 87], filed May 1, 2008.

The Defendant through counsel moved for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) as a result of the recent amendment of U.S.S.G. §2D1.1(c), involving cocaine base offenses. [Doc. 83, filed February 21, 2008]. The United States Probation Office prepared a Supplement to the Presentence Report Pursuant to the Crack Cocaine Guideline Amendment [Doc. 84, filed April 22, 2008] in which it noted that the drug quantity involved in the Defendant's offenses for which he is incarcerated was "at least 12 kilograms of cocaine base." This is supported by the original Presentence Report [Doc. 36] and the Judgment

[Doc.37] in this matter.

The amendment to U.S.S.G. §2D1.1(c) pursuant to which the Defendant moved, only changed the base offense level for cocaine base offenses in which the drug quantity was less than 4.5 kilograms. As such, there is no basis for a motion to reduce sentence in which the drug quantity was greater than that. Since the Presentence Report, the Judgment, and the Supplement to the Presentence Report all reflect that the drug quantity at issue in this matter exceeded 4.5 kilograms (and in fact were found to exceed 12 kilograms), the Court entered its Order of April 30, 2008, [Doc.86], denying the Defendant's motion for reduction of sentence because Defendant was not eligible for the relief sought.

The Defendant, who is represented by counsel, did not object or otherwise respond to the Probation Office's Supplement to the Presentence Report or in any manner refute the calculations or facts stated therein. After of the entry of the Court's Order denying relief to the Defendant [Doc. 86], however, the present motion for reconsideration [Doc. 87] was filed in which Defendant now claims that "[d]ue process requires that a hearing be held with actual proof introduced by the Government that the relevant content attributed to this defendant disqualifies him for relief pursuant to Title 18 USC §3582(c)(2)." [Doc. 87, filed May 1, 2008]. "Due

process requires nothing less than the procedure outlined above under the unique circumstances of this matter." [Id.].

The Defendant was charged in a three count bill of indictment with conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute and possession of a firearm during a drug trafficking crime. [Docs. 3, 4, filed September 3, 1996]. On June 12, 1997, he entered a plea of guilty to all three counts. [Docket Entry, June 12, 1997]. At sentencing the Defendant was held accountable for at least 12 kilograms of cocaine base. [Doc. 37, filed December 2, 1997]. He did not appeal his conviction or sentence which has been final now for more than a decade.[1]

The Court first addresses counsel's comment that "[d]ue process requires that a hearing be held with actual proof introduced by the Government that the relevant content attributed to this defendant disqualifies him for relief pursuant to title 18 USC §3582(c)(2)." [Doc. 87]. "A motion pursuant to §3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th

---

[1] The Defendant did file post-convictions motions but none of them were successful.

Cir. 2000), *certiorari denied* 531 U.S. 1080, 121 S.Ct. 782, 148 L.Ed.2d 678 (2001). "Furthermore, a judge need not hold a hearing when considering a §3582(c) motion." Id. "According to Rule 43(c)(4), a defendant's presence is not required 'when the proceeding involves a reduction or correction of sentence under ... 18 U.S.C. §3582(c).'" Id. Such is the case here. The Court considered the record of proceedings involving the Defendant, the supplement to the presentence report, and the argument of counsel made in the motion to reduce. As a matter of law, the Defendant is not entitled to relief and a hearing to establish the same is neither required nor necessary. See, *e.g.*, United States v. Denmark, 534 F.Supp.2d 1245, 1246 (N.D.Fla. 2008) ("Reductions under §3582(c)(2) thus may be – and most commonly have been – handled on written submissions, without a hearing."); United States v. Brandon, 2008 WL 1860199 (N.D. Iowa 2008) (hearing to consider reduction of sentence pursuant to crack cocaine amendment not required); United States v. Gutierrez, 2008 WL 927564 (D.Conn. 2008) (denying motion pursuant to the amendment without hearing); *accord*, United States v. Waller, 2008 WL 822118 (E.D.Mo. 2008); United States v. Gilliam, 513 F.Supp.2d 594 (W.D.Va. 2007), *affirmed* 2008 WL 1859494 (4th Cir. 2008) (no hearing required on motion to reduce pursuant to §3582(c)).

Since the Court concludes that the Defendant is not entitled to a hearing on his motion for reduction of sentence, and since the prior findings of this Court regarding the drug quantity involved were not objected to and not appealed and are binding on the Court, the Court must conclude and has concluded that the cocaine base amendments to the Sentencing Guidelines are not applicable to this matter, and thus the Defendant is not eligible for a reduction in his sentence.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc. 87] is hereby **DENIED**.

Signed: May 6, 2008

Martin Reidinger
United States District Judge