# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:96cr135

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| JASPER MACKEY. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc.93], filed June 4,2008.

On May 20, 2008, the undersigned denied counsel's request that he be appointed to represent the Defendant on appeal, noting that counsel had been privately retained to represent the Defendant in connection with a post-conviction motion. It was also noted that the Defendant had failed to comply with the provisions of Federal Rule of Appellate Procedure 24. The Court specifically pointed out that Rule 24 requires that a party who desires to appeal without the prepayment of fees must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

Fed.R.App.P. 24(a)(1).

Counsel has now attached Form 4 to the motion to reconsider; however, the affidavit is not sworn to by the Defendant. Instead, counsel admits that he filled in the affidavit on information and belief; however, no one has signed the affidavit. See, Brown v. Matthew, 142 F.R.D. 496 (D. Kan. 1992) (plaintiff not entitled to proceed *in forma pauperis* where he failed to sign or have affidavit notarized); Martin-Trigona v. Shiff, 600 F.Supp.1184 (D.C.D.C. 1984). Rule 24 explicitly provides that the party shall sign the affidavit. Counsel's attempt to present an unsigned affidavit is insufficient.

Moreover, counsel admits that the information contained within the affidavit was derived from the Defendant's presentence report. There is no statement from the warden of the facility at which the Defendant is housed of the amount contained within his prison trust account, see, *e.g.*, Ray v. Campbell, 2006 WL 547925 (E.D.Cal. 2006), and in the incomplete affidavit attached to the motion to reconsider, counsel discloses that the Defendant's family paid him $2,500.00 to make the postconviction motion which is the subject of this appeal. [Doc. 93-2, filed June 4, 2008].

The Court finds and concludes that the motion to reconsider should be denied.  Counsel is advised, however, that pursuant to the provisions of Rule 24 he may renew his application with the United States Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc.93], is hereby **DENIED**.

Martin Reidinger
United States District Judge

Signed: June 23, 2008